No. 34,565

THE STATE OF KANSAS, ex rel. JAY S. PARKER, Attorney General, etc., *Plaintiff,* v. TRUMAN T. BURR, *Defendant.*

(99 P. 2d 742)

Opinion filed March 9, 1940.

*Jay S. Parker,* attorney general, *Morton B. Cole,* assistant attorney general, *Walter Biddle,* county attorney, and *Colonel Boone,* assistant county attorney, for the plaintiff.

*Max L. Frederick,* of Leavenworth, for the defendant.

The opinion of the court was delivered by

HOCH, J.: This is an original proceeding in quo warranto to oust the defendant, Truman T. Burr, from the office of justice of the peace of Delaware township, Leavenworth county, Kansas. It was brought by the state of Kansas, on relation of the attorney general, under our statute, G. S. 1935, 60-1609 *et seq.,* which provides for such procedure. The statute, so far as necessary to be set out, reads as follows:

"Every person holding any office of trust or profit under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, who shall willfully misconduct himself in office, or who shall willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state of Kansas, . . . shall forfeit his office and shall be ousted from such office in the manner hereinafter provided."

The petition filed July 10, 1939, alleged in detail various acts of willful misconduct on the part of the defendant. Application was filed for an order suspending the defendant from office pending final determination of the proceedings, and on July 17, after hearing and full consideration, an order of suspension was issued. On August 7, 1939, the defendant filed his answer, denying the charges. The issues having been joined, the attorney general, by motion filed on August 8, 1939, asked that a commissioner be appointed, and on

September 20, 1939, an order was issued appointing Honorable O. P. May, of Atchison, Kan., as a commissioner to take testimony, and at its conclusion to file his findings and recommendations. The case was set for hearing by the commissioner on October 16, 1939, at the district courtroom at Leavenworth, Kan. At the opening of the hearing the defendant filed with the commissioner a plea in abatement alleging that he and his wife had removed from Delaware township, with the intention of remaining permanently outside of the township, and that such removal constituted an abandonment of his office. The commissioner overruled the plea and the hearing proceeded.

On December 2, 1939, the commissioner filed his report, consisting of findings of fact, conclusions of law, and recommendations, together with transcript of the testimony. The report of the commissioner is quite lengthy and it is not necessary to set it out in full. The findings of fact upon which the commissioner bases his conclusions and recommendations are covered in detail in the report. The commissioner's conclusions and summary are as follows:

"Defendant's plea in abatement should be overruled for the reason that he cannot defeat the purpose of the action and avoid the payment of costs by abandoning the office and filing a plea in abatement on that ground after a commissioner has been appointed, a court reporter engaged, and the witnesses subpoenaed, with everyone present and ready for the hearing. (*State, ex rel., v. Rose,* 74 Kan. 262, 266.) The question of whether or not the defendant's moving from Lansing to the Veterans' Facility at Wadsworth amounts to the defendant becoming a nonresident of Delaware township, is not decided, since it was not briefed by the parties and it is understood that this question is before the supreme court in another case from Leavenworth county. However, if the Veterans' Facility at Wadsworth is not under the jurisdiction of the state of Kansas, then the defendant was not a qualified elector of Delaware township at the time of his election, since he had not resided in the state for six months prior to the election on November 8, 1939, to say nothing of the fact that he was not a resident of the township at the time of the primary. G. S. 80-202, sec. 1, art. 5, constitution of Kansas.

"2. The defendant's official bond was defective in that it was not made in a sum required by the statute, was not signed by sureties residing in the proper township, and was not conditioned 'for the due, honest and faithful discharge and performance of all and singular his duties as such justice of the peace, according to law, during his continuance in office,' as required by G. S. 80-205, and defendant did not file such bond nor his oath of office in the time required by law, G. S. 80-202, and, consequently, the defendant did not properly qualify for the office of justice of the peace of Delaware township, Leavenworth county, Kansas.

"3. The defendant was guilty of willful misconduct in office for the following reasons:

"(a) By appointing without statutory authority Wesley H. Kilgore and Ernest Forbach, constables of Delaware township, Leavenworth county, Kansas, to perform the work of a constable generally and not for a special purpose.

"(b) For imposing without statutory authority fines and costs upon individuals for alleged traffic violations on U. S. highway No. 73, when there was no statute or regulation by the State Highway Commission making the acts with which such individuals were charged illegal.

"(c) By imposing or attempting to impose fines and costs upon individuals for alleged traffic violations by letter and by telephone.

"(d) For ordering Ernest Forbach, constable, to release a slot machine to Bert E. Miller, that was taken, under an execution, while in operation in a beer joint.

"(e) For consistently taxing excessive and unwarranted costs against defendants charged with alleged traffic violations.

"(f) For conducting and directing a speed trap to catch unsuspecting victims for the collection of unwarranted and illegal costs for the unjust enrichment of the defendant.

"4. For all of the above reasons it is recommended that the defendant be ousted from office and the costs of this action assessed against him."

The action is now before us on a motion of the attorney general for an order confirming and approving the report.

The brief submitted in behalf of the defendant is devoted in most part to arguments in support of the plea in abatement filed before the commissioner. We cannot, however, give consideration to that question, as the issue is not properly before us. No plea in abatement was filed with the court. The functions of a commissioner are advisory only and he is without power to take any action determining the issues. (*State, ex rel., v. Buchanan*, 142 Kan. 515, 51 P. 2d 5; *State, ex rel., v. Foley*, 107 Kan. 608, 193 Pac. 361; and *State, ex rel., v. Harvey*, 148 Kan. 166, 167, 80 P. 2d 1095.) Pleadings must be filed with the clerk of the court.

We have carefully reviewed the evidence taken before the commissioner and think it amply supports his findings and recommendations. We find that the commissioner's report should be confirmed and approved and an order issued ousting the defendant, Truman T. Burr, from office. It is so ordered.